CROWELL LAW
Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ME2 PRODUCTIONS, INC., and CELL FILM HOLDINGS, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**WILLIAM PATRICK SHELDON,**<br><br>Defendant, | Case No.: 3:17-cv-00158-SB<br><br>PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL<br><br>FRCP 41(a)(2) |

LR 7-1 Conferral

The parties made a good faith effort through telephone conferences and email to resolve the dispute and have been unable to do so.

MOTION

Pursuant to FRCP 41(a)(2) Plaintiffs move for an order dismissing this action without prejudice.

MEMORANDUM

Once an answer has been filed, a plaintiff may obtain a dismissal only with leave of the court.  FRCP 41(a)(2).  "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a

result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice "means "prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 97 6 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). "Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands*, 100 F.3d at 97.

In this matter, no discovery being served and this being the only motion filed, dismissal without prejudice pursuant to FRCP 41(a)(2) is proper.

### a. Further pursuit of Plaintiffs' claims is unnecessary.

Prior to the appointment of defense counsel, Defendant and Plaintiffs reached general terms of resolution of this matter, such terms were maintained with appointed counsel but then denied.  Accommodating Defendant's financial consideration and other issues, Plaintiffs agreed to waive all costs, fees, and damages and not require any admission that may complicate other factors related to Defendant.  When it became clear through new pro bono counsel Defendant's new intent was to force Plaintiffs to incur needless costs and fees with the express assurance there was no chance of any recovery, Plaintiffs offered an outright dismissal.  Essentially the case and controversy was withdrawn.  This offer was rejected by Defendant.

Defendant's counsel has raised the questions about standing and other issues related to Plaintiffs' investigative methods. Defendant stated they wished to use this case to look under the hood and explore Plaintiffs' investigative methodologies and other issues with no regard for Defendant's exposure, liability, or any costs associated with the matter, reporting they were "pre-authorized" for at least $3,000 in expenses and this would be spent and sought from Plaintiffs. Plaintiffs do not oppose such investigation in general, and agreed to turn over all documents requested unilaterally prior to dismissal of the action to permit Defendant's exploration of their theories, but requested a waiver of any claim for costs and fees.  Plaintiffs should not be forced

to support the personal investigations of Defendant or their counsel and then have to respond to further claims for costs and fees from a Defendant that wishes to pursue this matter in a one-sided manner.

Plaintiffs do not reject Defendant's efforts "look under the hood," but Plaintiffs' already the victim of significant piracy and theft, have no interest in footing the bill for what Defendant promises to be a very expensive process funded at least in part by the Court.

Plaintiffs' offer for unilateral discovery to assure Defendant's counsel was refused.

**b. No counterclaim stands.**

Defendant maintains a captioned line as a counterclaim, but states no cause of action. At most Defendant may color this as a declaratory action, but there is nothing to give the claim standing for "*further* relief." 28 U.S.C. § 2201 (emphasis added). Defendant's request for an award of costs and fees is simply mirror image of an element of Plaintiff's claim. On its face, the counterclaim submitted does not seek any "further" relief beyond what is before the court in the complaint and an answer. A naked request for costs and fees does not stand as a claim an is simply beyond the limited jurisdiction of the court. *See, e.g., Maverick Recording Co. v. Chowdhury*, 2008 U.S. Dist. LEXIS 63783 (E.D.N.Y. Aug. 19, 2008), citing *Interscope Records v. Kimmel*, No. 07-cv-0108, 2007 U.S. Dist. LEXIS 43966, *16 (N.D.N.Y June 18, 2007); and *Interscope Records v. Duty*, No. 05-cv-3744, 2006 U.S. Dist. LEXIS 20214, *10-11 (D. Ariz. Apr. 14, 2006).

///

///

As plead, the counterclaim is most redundant, if it exists at all, and though a nominal issue, properly struck under FRCP 12(b) and (f) as it serves no legitimate purpose other than to improperly burden Plaintiffs. *Voltage, et al. v. Doe*, 3:13-cv-00839-AA, Dkt. 48, p. 13 (May 8, 2014)

WHEREFORE Plaintiffs maintain this matter is properly dismissed, without prejudice, and terminated.

DATED: May 28, 2017.

                                              Respectfully submitted,

                                              CROWELL LAW

                                              */s/ Carl D. Crowell*
                                              Carl D. Crowell, OSB No. 982049
                                              carl@crowell-law.com
                                              503-581-1240
                                              Of attorneys for the Plaintiffs