**Lake James H. Perriguey**, OSB No. 983213
lake@law-works.com
LAW WORKS LLC
1906 SW Madison Street
Portland, OR  97205-1718
Telephone:  (503) 227-1928
Facsimile:  (503) 334-2340

Defendant's attorney

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ME2 PRODUCTIONS, INC**, and **CELL FILM HOLDINGS, LLC.**<br><br>         Plaintiffs<br><br>    v.<br><br>**WILLIAM SHELDON**,<br><br>         Defendant. | Case No.:   3:17-cv-00158-SB<br><br>DEFENDANT'S RESPONSE IN OPPOSITION TO PLANITIFFS' MOTION TO DISMISS |

## INTRODUCTION

Defendant does not oppose Plaintiffs' Motion to Dismiss without prejudice.  However, Plaintiffs' Motion to Dismiss is silent as to whether the court should award costs and attorney fees.  Consistent with rulings in district courts throughout the circuits, Defendant requests that the court condition the dismissal on the payment of Defendant's costs and attorney fees, and require that any future litigation Plaintiffs might bring against Defendant alleging copyright infringement of Plaintiffs' titles alleged in their Amended Complaint be brought in this court.  Further, if Plaintiffs file another lawsuit asserting the same or similar claims against Defendants based on the facts of this case and dismiss that action, such dismissal should operate as an adjudication on the merits under Rule 41(a)(1)(B).

 Page 1   -   DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

## ARGUMENT

Rule 41(a)(2) permits Plaintiffs, with the approval of the court, to dismiss an action without prejudice at any time. The rule provides in pertinent part:

> Except as provided in paragraph (1) of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

Fed.R.Civ.P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion. *Sams v. Beech Aircraft Corp.,* 625 F.2d 273, 277 (9th Cir.1980).

The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir.1987), or <u>unfairly affected by dismissal</u>. *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856 (11th Cir.1986); *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976).

The imposition of costs and fees is warranted in this case. When Defendant availed himself of the Standing Order allowing for three hours of pro bono attorney representation, Defense counsel hired experts. The Oregon District Court allows for up to $3,000 in costs under such an appointment. It would be improper for this court to be taxed for costs associated with a lawsuit that Plaintiffs appear to have had insufficient evidence to bring, and then, when they realized that after an on-the-record Rule 16 conference that the court might get a glimpse at the "black box" of technology allegedly forming the bases for Plaintiffs' lawsuit, Plaintiffs immediately moved the court for a an order allowing dismissal of their claims.

Defendant asserts that Plaintiffs filed this case against Defendant without a sufficient factual basis that Mr. Sheldon, and not other parties equally situated, was an infringing party.

Mr. Sheldon's Declaration and his landlord's, Donna Violette's Declaration, make clear that they both told Mr. Crowell there were other multiple other people who had access to the

same internet subscription at the time of the alleged infringements. See Sheldon Declaration and Violette Declaration.

Plaintiffs filed their Motion to Dismiss this lawsuit five days after the on-the-record Rule 16 conference.  At that conference, Defense counsel articulated to the court the multiple aspects of discovery that Plaintiff would seek so as to understand the bases, both technical and factual, for Plaintiffs claims against this Defendant and which should establish a probable cause predicate for Plaintiffs' continuing efforts to obtain a copy of Defendant's hard drive. These included including disclosure of the IP address of the entity from which the Amended Complaint alleges their investigator "observed" Defendant downloading and or sharing 900 movies over 1800 times, at the same time that multiple other people had equal access to the internet service; disclosure of the .TAR files; disclosure of the hash files; disclosure of the PCAP files; disclosure of the Torrent files; proof to title of the films that confer standing; a depository copy of the works alleged to have been infringed, and other matters.  Defendant's counsel argued to this court that Plaintiffs should disclose this basic evidence *prior* to any motion by Plaintiffs to order that Defendant's provide his complete hard drive to the Plaintiffs.  This is especially important in this case, and in all BitTorrrent cases, given the U.S. Supreme Court's decision in *Riley v. California,* 134 S.Ct. 2473 (2014)*,* which limits even the government's right to search a cell phone without a warrant establishing probable cause.  In this case, and many others, Plaintiffs' lawyer seeks to search Defendant's entire hard drive solely upon the filing of a complaint.

At the May 24, 2017, on-the-record Rule 16 conference, this Court ordered both counsel to work in good faith to address the discovery requests.  The Court noted at the conference that it would be determined if "there is a method to Mr. Perriguey's madness."

Page 3    -    DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS

On the following Monday, May 29, 2017, Plaintiffs filed a Motion to Dismiss. No discovery was shared over the weekend. Plaintiffs Motion does not indicate that they obtained new information vitiating the strength or the good faith basis of Plaintiffs' allegations against Defendant. Plaintiffs do not identify any new information suggesting that Defendant is less liable or less subject to suit than he was the week before at the Rule 16 conference or on May 22, 2017 when Mr. Crowell told Mr. Perriguey during their conversation to confer on discovery issues, that "Defendant is 100% liable." See Perriguey Declaration, contemporaneously documenting Mr. Crowell's assessment of Defendant's "100% liability" for copyright infringement.

The purpose of Rule 41(a)(2) is to permit the plaintiffs to dismiss the action while avoiding prejudice to the defendant through the imposition of curative conditions. *Stevedoring Serv. Of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921(9th Cir. 1989).

In assessing whether to grant a motion to dismiss, courts look to whether the motion is made at some meaningful juncture in the case. *FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992) (timing of motion to be looked at by the court); *Ratkovich v. Smith Kline*, 951 F.2d 155, 157-158 (7th Cir. 1991) (court should look at timing of the motions).

When making a determination about whether, and upon what conditions, the Court should dismiss a lawsuit, the Court should look at the inability to conduct meaningful discovery. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). See *Strahan v. Diodati*, 755 F. Supp 2d 318, 322-323 (D. Mass. 210)(court denied plaintiff's motion to dismiss, which was filed in part to circumvent consequences of court's adverse rulings on scope of discovery).

Plaintiffs' Motion to Dismiss suggests that Plaintiffs' motivation is aimed at avoiding disclosure of the "black box" of technology that formed the basis for Plaintiffs' lawsuit, the

subsequent subpoena, and the Amended Complaint, which added a new Plaintiff and targeted Defendant Mr. Sheldon.  Incidentally, despite filing hundreds cases in this District, Plaintiffs' counsel acknowledged during the Rule 16 conference that he has not taken a single case to trial in which this Court might review the technology in the "black b" on which Plaintiffs' counsel has based this case and hundreds of others, and on which he has negotiated settlements that this Court has approved in the form of orders, judgments, and injunctions.   Should this Court grant Plaintiffs' motion to dismiss, the "black box" will remain under a deep sea of legal maneuvers that continues to keep this court and Defendants in the dark as to whether Plaintiffs' methods pass the *Daubert* test, whether it forms a predicate to withstand Rule 11, and whether it is sufficiently reliable to empower a Plaintiff subpoena power to obtain a copy of Defendants' or third parties' hard drives.

In arguing for dismissal without prejudice, Plaintiffs' counsel claims in his Memorandum to the Motion to Dismiss that "Defendant and Plaintiff reached general terms of resolution in this matter, such terms were maintained with appointed counsel but then denied" and that "[w]hen it became clear through new pro bono counsel Defendant's new intent was to force Plaintiffs to incur needless costs and fees with the *express assurance there was no chance of any recovery*, Plaintiffs offered an outright dismissal." (emphasis added). (Dkt. # 19).

These statements are false.

Defendant denies that he ever reached a resolution with Mr. Crowell.  See Defendant's Declaration.  Mr. Crowell also asserts that Plaintiffs offered an outright dismissal.  This is not true.  On May 3, 2017, Mr. Crowell wrote to Defense counsel that he had told Defendant that he would dismiss the case *if* Defendant gave Mr. Crowell (or his investigator) his *entire hard drive* to search for evidence of infringement. Perriguey Declaration at Ex. 7.

Page 5    -    DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS

Defendant's only assertion that there was "no chance of recovery" was linked to the strength of Defendant's factual and legal defenses and the emptiness of Plaintiffs' claims against him. At one point, Mr. Crowell offered a dismissal *conditioned* on Defendant's willingness to enter into a contract with his clients giving them the right to sue him in the future if he ever used peer-to-peer software to download *anyone else's* intellectual property, with an attorney fee provision in favor of his clients. See Lake Perriguey Declaration, Ex. 4.

In an unusual twist, Mr. Crowell then offered to keep the case open and use this court to allow Defendant to "look under the hood" of the technology on which he relied to sue Mr. Sheldon and to continue to litigate the case with court oversight, so long as Defendant agreed not to seek attorney fees unless fraud was proven. Id. at Ex. 5.

Aside from the propriety of using the court in this manner, when there would be no jurisdictional case or controversy, Defendant does not have an interest in funding the inquiry into the technology and methods on which Mr. Crowell has built a successful business model, nor into the technology and methods that Mr. Crowell seeks to avoid disclosing through the instant Motion to Dismiss. This was an unreasonable offer that any Defendant would reject.

At no time did Mr. Crowell not offer an "outright dismissal." Indeed, Mr. Crowell refused to dismiss the case with prejudice unless Defendant waived his right to seek costs and attorney fees under 17 U.S.C. § 505 as the prevailing party in this copyright case. Id. at Ex. 1, 7.

In a May 24, 2017, email, Mr. Crowell stated that "Prior to naming [Mr. Sheldon] we parsed through the residents, their time at the address and access to the internet service with his landlord, and based on the data the only party there at all relevant times that could have done this was Mr. Sheldon." Id. at Ex. 5.

This statement is contradicted by Donna Violette, Mr. Sheldon's landlord.  See Violette Declaration.  In fact, Ms. Violette confirmed that there were *six people* at the residence at the same time as Defendant, each of whom had access to the same internet service.  Id. In addition, it is unknown whether a third party, unrelated to the Defendant or to the residence, had accessed the IP address.[1]  Id.  Mr. Crowell never spoke with Mr. Sheldon before he named him in this lawsuit. Defendant's Decl.

Mr. Crowell further misstates Defense counsel's words to this court in his Memorandum when he writes "Defendant stated they wished to use this case to look under the hood ….. reporting they were "preauthorized" for at least $3,000 in expenses and this would be spent and sought from Plaintiffs."  This is not true.

On May 24, 2017, Defense counsel sought clarity on Mr. Crowell's proposals and conditions for dismissal.  Perriguey Declaration Ex. 4. Mr. Crowell responded partially, indicating that he would file a unilateral dismissal, though he did not clarify whether he would seek to dismiss with or without prejudice, nor did he address the question of Defendant's costs and fees.  Id. at Ex. 6.

Mr. Crowell filed the instant Motion to Dismiss without Prejudice four days later

1. **The court should condition dismissal of Plaintiff's lawsuit on the payment of Defendant's costs and attorney fees.**

Attorney fees and costs are ordinarily awarded when a court agrees to dismiss a plaintiff's case without prejudice pursuant to FRCP 42(a)2.  See *United State ex rel. Haskins v.*

---

[1] Dan Goodin, "RISK ASSESSMENT —How I cracked my neighbor's WiFi password without breaking a sweat" ArsTechnia, Aug. 28 2012 9:46AM (https://arstechnica.com/security/2012/08/wireless-password-easily-cracked/)(Describing the ease of cracking WiFi passwords using widely available tools).

Page 7   -   DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS

*Omega Inst.*, 25 F.Supp. 2d 510, 515(D.N.J. 1988) (courts often grant attorney's fees when plaintiff voluntarily dismisses suit without prejudice), *Fleming v. Joy Fin. Co.*, 1995 U.S. Dist. LEXIS 19106, at *5 (E.D. La Dec. 13, 1995 (costs are proper condition), *Degussa Admixtures, Inc. v. Burnett,* 471 F. Supp.2d 848, 852 (W.D. Mich. 2007) (courts frequently award costs and attorney's fees when plaintiff dismisses suit); *Hamilton v. Firestone Tire and Rubber Co.,* 679 F.2d 143, 145 (9th Cir 1982) ("the district court addressed and disposed of the issue of possible prejudice by awarding costs to defendant upon dismissal); *See Fleming v. Joy Finance Co.*, No. Civ. A. 95-3464, 1995 WL 739877, at *2 (E.D. La. Dec. 11, 1995) (ordering plaintiff to pay costs, expenses and attorneys' fees incurred in opposing motion to dismiss); *Bishop v. West American Ins. Co.*, 95 F.R.D. 494, 495-496 (N.D. Ga. 1982) (ordering plaintiff to pay costs and fees incurred by defendant in removing the action to fully compensate the defendant); *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) (remanding fee award so that the lower court could obtain more complete documentary evidence in determining reasonable attorneys' fees); *Moreno*, 80 F.R.D. 282, 284-85 (dismissing with prejudice and awarding all costs); *Tyco Lab., Inc. v. Koppers Co.*, 82 F.R.D. 466, 469 (E.D. Wis. 1979) (ordering plaintiffs' to pay attorneys' fees), *aff'd*, 627 F.2d 54 (7th Cir. 1980); *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 554 (9th Cir. 1986), *overruled in part on other grounds by In re Keegan Management Co. Sec. Litig.*, 78 F.3d 431 (9th Cir. 1996).

      This last case involved a motion pursuant to Rule 41(a)(2) for voluntary dismissal of a class action alleging violation of federal anti-trust and securities laws, RICO, and various other California laws. The Ninth Circuit left standing, for lack of jurisdiction, the district court's dismissal without prejudice *on the condition* that defendants be reimbursed $165,774 in costs and expenses, including attorney's fees, that were reasonably incurred in defending the action.

The imposition of costs and fees as a condition of dismissal generally does not involve legal prejudice and, therefore, does not render a voluntary dismissal adverse and appealable. *Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 476 (9th Cir. 1990)(payment of costs and fees not prejudicial), *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 556 (9th Cir. 1986)("a condition of costs and attorney's fees does not involve legal prejudice and therefore does not render a conditional voluntary dismissal adverse and appealable"). *Cauley v. Wilson*, 754 F.2d 769, 722 (7th Cir. 1985), *Belkow v. Celotex Corp.* 722 F. Supp 1547 (N.D. Ill. 1988) (court may condition a voluntary dismissal without prejudice on the payment of attorney fees to defendant).

Some courts also consider the merits of the plaintiffs' case in determining whether to impose costs as a condition of granting dismissal. See *Williams v. Peralta Cmty. Coll.* Dist., 227 FRD 538, 540 (N.D. Cal 2005) ("Ninth Circuit has also indicated that the merits of the plaintiff's case has some relevance" in determining whether to impose costs as a dismissal condition).

As explained above, Defendant and Donna Violette identify multiple other people who had access to the same internet service and the same IP address at the times of the infringement alleged in Plaintiffs' First Amended Complaint.  See Decls. of Defendant and Violette.

This court has dismissed another case brought by Mr. Crowell when plaintiff's claim of violations of the Copyright Act did not provide specific facts linking a named defendant to an alleged infringement.." *Cobbler Nevada, LLC v. Gonzalez*, Case No. 3:15-cv-00866-SB, 2016 WL 3392368, T *6 (D. OR. June 8, 2016), noting, "While it is possible that the subscriber is also the person who downloaded the movie, it is also possible that a family member, a resident of the household, or an unknown person engaged in the infringing conduct."

Page 9   -   DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS

The same possibilities exist in this case. Yet Mr. Crowell continued this practice in this case, by naming Mr. Sheldon alone when the homeowner and other tenants were present at the same times as Mr. Sheldon. Decl. of Violette. As noted by the Ninth Circuit in *In re Century Aluminum Co. Securities Litigation,* parties must have something more "such as facts tending to exclude the possibility that [an] alternative explanation is true," "when "faced with two possible explanations, only one of which can be true and only one of which results in liability." 729 F.3d 1104, 1108 (9th Cir. 2013).

In yet other instances Plaintiffs' Amended Complaint does not make sense:

Defendant was "observed" downloading 900 other movies. Defendant "was observed" sharing the films over 1800 times. These allegations were made in Plaintiffs' original complaint. It is more accurate that Plaintiffs' are relying on a written report from a contracting company that used software that identified an IP address and *some* transfer of data associated with a *part* of Defendants' films. It is likely that no human witness ever "observed" the activities alleged. The court should look to this kind of elision in Plaintiffs' complaint as an effort to keep the light out of its black box technology by moving to dismiss this case.

Plaintiffs' original suit, when Plaintiffs had not determined Defendant's identity, and the Amended Complaint, both allege that "Prior to filing the present suit, the Defendant was sent a number of notices by Plaintiffs pursuant to 17 U.S.C. 512(a/k/a DMCA Notices, beginning as early as October of 2016." Defendant is not even the internet subscriber, and was apparently unknown to the Plaintiffs until Mr. Crowell called Donna Violette. It is not credible that Defendant was sent DMCA notices. See Decl. of Violette.

Page 10 -   DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS

Plaintiffs' Amended Complaint alleges that "it has been confirmed that the Defendant is the only party at the residence with persistent access that could account for the observed activity." This is contradicted by Donna Violette's Declaration.

Defendant has had to defendant against multiple accusations in a federal lawsuit that strain a sense of credulity, that Defendant was "observed" sharing over 900 films, that he was sent notices, and that he has willfully trammeled on Plaintiff's alleged rights. This is expensive, and emotionally taxing, especially when there appears to be little of any basis for Plaintiffs' claims. See Defendant's Decl.

Since the purpose of awarding costs is to reimburse the defendant for expenses incurred in defending the dismissed action and to deter vexations litigation, the costs available under this rule are not limited to taxable costs, but may include compensation for all litigation-related costs, including attorney's fees. *US ex rel Haskeins v. Omega Inst.* 25 F. Supp 2d 510, 515 (D.N.J. 1998) (Courts make these award to reimburse defendant for costs and attorney fees in view of risk that the same suit will be refiled and will impose duplicative expenses on defendant.) See also *Bishop v. West Am. Ins. Co.* 95 FRD 494,495 (award of costs to deter vexatious litigation).

In addition, defendant should be awarded costs and fees in responding to Plaintiffs' motion for voluntary dismissal. See *Bath Iron Works Corp. v. Parmatic Filter Corp.,* 736 F. Supp. 1175, 1178 (D. Me. 1990) (reasonable costs in preparation of motion). *Fleming v. Joy Fin*, *6-7,, King v. City of Berkeley, 1991 U.S. Dist. LEXIS 16225, at *3 (N.D. Cal Oct 30, 1991).

Plaintiffs' decision to bring a questionable claim against Defendant, arguably without a good faith basis to survive a Rule 11 challenge for sanctions, and then to dismiss it when it became apparent that the technology on which Plaintiffs relied, or didn't, inflicts substantial

Page 11 -   DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS

costs on Defendant and other BitTorrent defendants, many of whom are targeted as defendants when there are other equally plausible defendants, and unnecessarily taxes the judicial system, which will otherwise continue to pay the costs for the discovery that when Plaintiff's counsel does employ, or does not have the technology, to effectively identify plausibly liable defendants. The only other new "fact" between the time Plaintiffs' counsel characterized Defendant at 100% liable is that it was likely he was not going to add to his stock pile of alleged Defendants' hard drives until he opened his "black box."

Costs and fees should ordinarily be awarded as a condition of dismissal with prejudice, and, if court denies them, it should provide its reasons for the denial. *Schwarz v. Folloder*, 767 F.2d 125, 127 (5th Cir. 1985); *Taragan v. Eli Lilly & Co., Inc.,* 838 F.2d 1337, 1339 (D.C. Cir. 1988).

2.     **The Court should condition dismissal of plaintiffs lawsuit to limit future "unnecessary" litigation**

Plaintiffs' purported singular reason for seeking a voluntary dismissal is that "further pursuit of Plaintiffs' claims is unnecessary", claiming, without *any evidence* that "Plaintiffs [are] already the victim of significant piracy and theft."  (Dkt. 19, p.2).

Defendant, a tenant in a house with a shared internet password, is the victim of significant overreach and of a failure to conform legal pursuits to the ruling articulated by this Court in *Cobbler Nevada, LLC v. Gonzalez*, Case No. 3:15-cv-00866-SB, 2016 WL 3392368, T *6 (D. OR. June 8, 2016).

Courts have also placed conditions on voluntary dismissal, such as concessions to jurisdiction or venue.  See *Bader v. Electronics for Imaging, Inc.,* 1995 FRD 659, 663 (N.D. Cal. 2000).

Page 12 -   DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS

Plaintiffs' Motion to Dismiss asks the court to dismiss, but provides no meaningful basis for the court to do so, other than that Plaintiffs suddenly deem the effort "unnecessary." Defendant has been arguing to Plaintiff's counsel that this case was unnecessary and improper since Plaintiffs first sued him two months ago.  Decl. of Perriguey.

Plaintiffs Memorandum purports that they had an agreement, which Defendant denies.  If there were an agreement, Plaintiffs recourse would be to file a motion to enforce the agreement, not to dismiss the case "without prejudice."

Plaintiffs argue that they agreed to "waive all costs, fees, and damages."  Throughout, Defendant asserted that Plaintiffs had established no right to costs, fees, and damages, so the offer to "waive" these assessments was meaningless.

Plaintiffs further argue that they had agreed that they "would not require an admission" from Defendant for an act he adamantly denies, and for an act that, if it actually occurred, could have been done by at least six people, not including those six people's guests and visitors who had access to the same internet account.  This court should not countenance Plaintiffs efforts to portray themselves as benevolent accusers when they have not established that they had a reasonable basis on which to hail Defendant into court in the first instance.

Given Plaintiffs sudden decision that "further pursuit of Plaintiffs' claims is unnecessary" while contemporaneously asking the court for the right to sue the Defendant again by ordering the dismissal be "without prejudice", the court should impose as conditions of the dismissal that any future litigation Plaintiffs might bring against Defendant alleging copyright infringement of Plaintiffs' titles alleged in their Amended Complaint be brought in this court; and, should Plaintiffs file another lawsuit asserting the same or similar claims against Defendant based on the

Page 13 -   DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO
              DISMISS

facts of this case and then dismiss that action, such dismissal should operate as an adjudication on the merits under Rule 41(a)(1)(B).

These additional curative conditions will help to limit Plaintiffs' "unnecessary" pursuits, while protecting Defendant from them.

## CONCLUSION

Plaintiffs proposed a variety of conditions prior to filing their Motion to Dismiss their baseless claims against Defendant. Now, based on the facts of this case, and the law, Defendant requests that the court dismiss this case without prejudice "upon such terms and conditions as the court deems proper," including:

1. Ordering Plaintiffs', jointly and severally, to pay Defendant reasonable costs and attorney fees, with a Cost and Fee Statement due to this Court in seven days;

2. Ordering that any future litigation Plaintiffs might bring against Defendant alleging copyright infringement of Plaintiffs' titles alleged in their Amended Complaint be brought in this court; and

3. Ordering that should Plaintiffs file another lawsuit asserting the same or similar claims against Defendant based on the facts of this case and dismiss that action, such dismissal should operate as an adjudication on the merits under Rule 41(a)(1)(B).

DATED: June 11, 2017

LAW WORKS LLC

s/ *Lake James H. Perriguey*
Lake James H. Perriguey
OSB No. 983213

Page 14 -   DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS