**Lake James H. Perriguey**, OSB No. 983213
lake@law-works.com
LAW WORKS LLC
1906 SW Madison Street, Suite 201
Portland, OR  97205-1718
Telephone:  (503) 227-1928
Facsimile:  (503) 334-2340

Defendant's attorney

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ME2 PRODUCTIONS, INC**, and **CELL FILM HOLDINGS, LLC.**<br><br>             Plaintiffs<br><br>     v.<br><br>**WILLIAM SHELDON**,<br><br>             Defendant. | Case No.:   3:17-cv-00158-SB<br><br><br>SUR REPLY TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE |

**SUR-REPLY**
**MEMORANDUM TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE**

Though Plaintiffs cite no legal authority in response to the dozens of cases cited by Defense in his Reply Memorandum, Plaintiffs raise several matters in their Reply submission that warrant a sur reply.

**1.     No motion is ripe for the filing**

Plaintiffs state:  "Should Defendant actually seek further relief, it is property brought under separate motion."  ECF 21, p. 1.

Defendant's Response to Plaintiffs' Motion to Dismiss with Prejudice (ECF 20) cited to dozens of cases in which circuits throughout the country have conditioned a dismissal without

Page 1    -

prejudice on the condition that Plaintiffs' first pay attorney fees to Defendant before the case will be dismissed. This determination is within the sound judgment of this court. So, until this court decides whether, and under what terms Plaintiff may dismiss the case and retain the right to sue Defendant until the statute of limitations runs, Defendant is not in a position to file a motion for further relief. If the court conditions the dismissal on the payment of attorney fees, Defendant will at that point file a motion, or statement of, attorney fees.

If, on the other hand, Plaintiffs inform the court that they elect to dismiss the case with prejudice[1], then Defendant will be a prevailing party under the copyright statute, and the matter will be ripe for the filing of a motion for attorney fees.

### 2. This was not a model case. It was not settled

Plaintiffs' counsel, in his Reply Memorandum, provides an <u>unverified</u> recitation of disputed facts in an attempt to rebut Defendant's sworn testimony and Donna Violette, Defendant's landlord and internet subscriber witness. He describes this as a "model case." ECF 21, p. 2. To the extent that Plaintiffs' counsel attempts to rebut sworn testimony with argument, the court should discount his unverified statements.

Perhaps this was a model case…..for the Plaintiffs. Though disputed, Plaintiffs' counsel characterizes this case as one in which an unrepresented defendant willingly submitted to legal pressure to give up his entire hard drive to Plaintiff and his expert adding to the untold number of hard drives they have collected over the past couple of years. Plaintiffs' counsel also describes

---

[1] A plaintiff who finds the terms or conditions set by the court to be too onerous need not accept the dismissal, but is entitled to withdraw the motion and proceed with the action. *Baird v. Sheet Metal Works, Union*, 908 F.2d 474, 476 (9th Cir. 1990) (withdrawal requires payment of costs) *Unioil, Inc. v. E.F. Hutton & Co., Inc.*, 809 F.2d 548, 554 (9th Cir. 1986) (plaintiff failed to expressly accept dismissal); *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930-31 (9th Cir. 1986) (court did not allow option of withdrawal).

this case in which his clients agreed to "waive all costs, fees, and damages." Id. Yet no right costs, fees, and damages had been established that Plaintiffs could *waive*.

Plaintiffs' counsel also suggests that he knows best how Mr. Sheldon's lawyer should defend him, with no support or alternative, stating "this is not how a pro bono counsel should assist the court or a Defendant."

To be clear, Defense counsel was appointed for *three hour* of pro bono representation. Prior to the Rule 16 conference, Defendant filed a notice terminating the pro bono representation. ECF 16.

### 3.    Plaintiffs' claims that "other occupants of the residence were reviewed"

Plaintiffs' attempt to insert new factual information to support what appears to be a shoddy investigation. Plaintiffs' multiple page Exhibits 3 and 4 to Carl Crowell's Declaration, which includes strings of numbers and dates, is nonsensical to Defendant. ECF 26. Plaintiffs do not create a nexus between the 76 pages of numbers and dates and Mr. Crowell's unverified assertions in the Reply Memorandum. Id. Furthermore, the document is verified by Carl Crowell, who does not appear to be the person who produced the documentation. Mr. Crowell's argument is nonsensical when he states, "For each event there was the exact same "Peer ID" prefix observed." ECF 25, p. 4, 5. This court is left to speculate as to the identity of this omniscient observer to whom Plaintiffs refer in their Complaint, Amended Complaint, and now in their Reply that "observed" all the alleged nefarious and actionable infringing activity. We won't know, because Plaintiffs' want this court to dismiss the case before the court can find out.

**4.     There is nothing in the record that Defendant is destitute. This court should not be distracted by Plaintiffs' attempt to smear Defendant**

Plaintiff suggests to the court that this case should have been settled because "this is a case with a destitute Defendant who agreed to stop his conduct and Plaintiffs that waived costs, fees and damages…."

There is nothing in the record about Defendant's financial situation.  Defendant's unrebutted Declaration denies that he ever had an agreement with Mr. Crowell.  Mr. Sheldon still maintains his innocence.  Yet Plaintiffs continue to impugn the Defendant publicly and to this court in an apparent attempt to turn this court's focus away from their counsel's questionable legal strategy and toward Mr. Sheldon as thief who got away thanks to the Plaintiffs' grace.

**5.     Plaintiffs "Conclusion"**

Plaintiffs conclude by stating:  "What is clear in this action is that there was massive infringing activity."   In fact, massive infringing activity has never been proven, in this case or in any other brought by Plaintiffs' counsel.  Whether anyone infringed the films at issue in this case, and even whether Plaintiffs have legal rights to these films to confer standing, are matters that are manifestly *not* clear…and will never be *clear*, because Plaintiffs are asking the court to dismiss this action before Mr. Sheldon is able to *clear* his name.  Plaintiffs' motion to dismiss also asks that this court allow Plaintiffs to retain the right to hold the threat of a repeat lawsuit suit over Defendant's head for several years until the statute of limitations runs.

**FIN**

Should the court dismiss this case without prejudice, Defendant Mr. Sheldon ask that this court her sound discretion and condition the dismissal without prejudice subject to the *payment* of attorney fees, and provide leave to Defendant to file a motion/statement of those attorney fees and costs, consistent with the ample case law cited in Defendant's Response Memorandum.[2]

DATED:  July 6, 2017

LAW WORKS LLC

s/ *Lake James H. Perriguey*
Lake James H. Perriguey
OSB No. 983213

**CERTIFICATE OF SERVICE**

**I certify that I served a copy of this document on Carl Crowell on July 10, 2017 via ECF.**

**s/ Lake James H. Perriguey**
**Lake James H. Perriguey**

---

[2] "Payment of defendant's costs of litigation is a proper condition of dismissal under rule 41(a)(2), and may be imposed sua sponte.  Costs should ordinarily be awarded as a condition to dismissal without prejudice, and if the district court denies them, the court should provide reasons for the denial.  *See* Moore's Federal Practice, Dismissal of Actions, 41-175, Sec 41.40(10)(d), Pub 410. 2016.